Marisa C. Ordonia (WSB #48081)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, WA 98104-1711
T: 206.343.7340
F: 206.343.1526
E: mordonia@earthjustice.org

Hannah M. Payne (AK Bar #2105045) (*pro hac vice* pending)
Jeremy C. Lieb (AK Bar #1810088) (*pro hac vice* pending)
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.277.2500
F: 907.277.1390
E: hpayne@earthjustice.org
   jlieb@earthjustice.org

*Attorneys for Citizens for Clean Air, a project of Alaska Community Action on Toxics, and Sierra Club*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency, and CASEY SIXKILLER, in his official capacity as Regional Administrator of the United States Environmental Protection Agency Region 10,<br><br>Defendants. | Case No. 2:22-cv-1382<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

COMPLAINT
(Case No. 2:22-cv-1382)

## INTRODUCTION

1. The Fairbanks North Star Borough ("Fairbanks" or "the Borough") has some of the worst fine particulate matter ($PM_{2.5}$) air pollution in the nation, with levels over twice the federal limit for healthy air. Defendants have known about Fairbanks's harmful $PM_{2.5}$ pollution for more than a decade, but they have repeatedly failed to take action to address the problem, as mandated by the Clean Air Act. Most recently, they failed to approve or disapprove the state of Alaska's December 15, 2020, proposed revision to the Fairbanks $PM_{2.5}$ state implementation plan (SIP). Due in part to Defendants' ongoing delay, the people of Fairbanks, particularly the Borough's most vulnerable and marginalized populations, continue to be endangered by the harms of $PM_{2.5}$ exposure.

2. The federal government recognizes the dangers that $PM_{2.5}$ exposure poses to the people of Fairbanks. Under the Clean Air Act, the U.S. Environmental Protection Agency (EPA) regulates $PM_{2.5}$ pollution, imposing relevant 24-hour National Ambient Air Quality Standards (NAAQS). 62 Fed. Reg. 38,652 (July 18, 1997) (adopting 24-hour NAAQS for $PM_{2.5}$); 71 Fed. Reg. 61,144 (Oct. 17, 2006) (codified at 40 C.F.R. § 50.13) (strengthening standards).

3. In November 2009, EPA designated the Borough as a nonattainment area in violation of the 2006 24-hour NAAQS for $PM_{2.5}$. 74 Fed. Reg. 58,688, 58,696, 58,702 (Nov. 13, 2009).

4. Since 2009, EPA has continued to document that the Borough has some of the worst episodic $PM_{2.5}$ pollution in the nation, with ambient air concentrations frequently in excess of the NAAQS for $PM_{2.5}$—currently by more than almost every other previously designated nonattainment area. *See* Exhibit 1 at 1 (EPA, *$PM_{2.5}$ Design Values, 2021* at tbl. 1b ("Design

COMPLAINT
(Case No. 2:22-cv-1382)      1

*Earthjustice*
810 3rd Avenue, Suite 610
Seattle, WA  98104-1711
206.343.7340

Values in Areas Previously Designated Nonattainment for the 2006 24-hour PM$_{2.5}$ NAAQS") (May 24, 2022).

5. After over seven years of failure to achieve air quality standards in Fairbanks, EPA finalized a rule reclassifying Fairbanks from a "moderate" to a "serious" nonattainment area and triggering more stringent requirements. 82 Fed. Reg. 21,711, 21,712 (May 10, 2017). EPA stated in the rule that it would "prioritize working with Alaska to help the state prepare the required Serious area attainment plan as expeditiously and efficiently as possible." *Id.* at 21,714.

6. However, EPA has failed to meet its commitment and its statutory obligation to protect the families of Fairbanks from fine particulate matter pollution. EPA has previously missed four related deadlines in the Borough's Clean Air Act process, resulting in four previous suits before this Court. *See* Compl., *Citizens for Clean Air v. Wheeler*, No. 2:18-cv-01803-TSZ (W.D. Wash. Dec. 14, 2018), ECF No. 1; Compl., *Citizens for Clean Air v. McCarthy*, No. 2:16-cv-01594-RAJ (W.D. Wash. Oct. 11, 2016), ECF No. 1; Compl., *Citizens for Clean Air v. McCarthy*, No. 2:16-cv-00857-JCC (W.D. Wash. June 9, 2016), ECF No. 1; Compl., *Citizens for Clean Air v. McCarthy*, No. 2:14-cv-00610-MJP (W.D. Wash. Apr. 24, 2014), ECF No. 1.

7. This pattern of delay and inaction has continued since the conclusion of these lawsuits. Following EPA's reclassification of the Borough as a "serious" nonattainment area, the state of Alaska was required to submit a serious area PM$_{2.5}$ SIP no later than December 31, 2017, 40 C.F.R. § 51.1003(b)(2)(ii), but failed to do so until December 13, 2019, just 18 days before the December 31, 2019, deadline for the Borough to achieve attainment. *See* 85 Fed. Reg. 7760 (Feb. 11, 2020); 82 Fed. Reg. at 21,712. In its proposed SIP, the state requested an extension of the Borough's attainment date to December 31, 2024—the maximum allowable time limit. 42 U.S.C. § 7513(e).

COMPLAINT
(Case No. 2:22-cv-1382)                                     2

*Earthjustice*
810 3rd Avenue, Suite 610
Seattle, WA 98104-1711
206.343.7340

8. On September 2, 2020, after the Borough's 2019 attainment date, EPA found that the air in Fairbanks remained polluted in excess of the 24-hour $PM_{2.5}$ NAAQS. 85 Fed. Reg. 54,509, 54,509-10 (Sept. 2, 2020). EPA also denied the state's extension request. *Id.* EPA's nonattainment finding triggered a requirement for Alaska to submit a revised SIP, including additional, more stringent provisions, by December 31, 2020. *Id.* The state submitted its revised SIP proposal to EPA on December 15, 2020.

9. Due to EPA's subsequent inaction, Alaska's December 15, 2020, revised SIP proposal remains out of compliance with the Clean Air Act. After the state submitted the revised SIP proposal, EPA failed to make a completeness determination by the statutory deadline of June 15, 2021. Because of this default, the plan was deemed complete "by operation of law." 42 U.S.C. § 7410(k)(1)(B). EPA was then required to issue a full approval, full disapproval, or partial approval and partial disapproval of the entire plan by June 15, 2022. 42 U.S.C. § 7410(k)(2), (3). To date, EPA has failed to carry out this nondiscretionary duty.

10. EPA approved portions of the plan revision on September 24, 2021, 86 Fed. Reg. 52,997 (Sept. 24, 2021), but it failed to approve or disapprove of the remaining portions of the plan, as the Clean Air Act requires.

11. Accordingly, Plaintiffs CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, and SIERRA CLUB, bring this action to compel Defendant MICHAEL S. REGAN, in his official capacity as EPA Administrator, and Defendant CASEY SIXKILLER, in his official capacity as Regional Administrator of EPA Region 10, to perform their mandatory duties to ensure that the federal government provides the residents of Fairbanks the protections guaranteed under the Clean Air Act.

COMPLAINT
(Case No. 2:22-cv-1382)          3

*Earthjustice*
*810 3rd Avenue, Suite 610*
*Seattle, WA  98104-1711*
*206.343.7340*

**JURISDICTION**

12. The Court has jurisdiction over this action to compel the performance of EPA's non-discretionary duties under the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604(a)(2), and pursuant to federal question jurisdiction, 28 U.S.C. § 1331. The Court also has authority to order declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**NOTICE**

13. On July 29, 2022, Plaintiffs provided EPA written notice of the claim stated in this action, as required by 42 U.S.C. § 7604(b)(2). *See* Exhibit 2 (J. Lieb, counsel for Plaintiffs, Letter to Michael S. Regan, Adm'r of EPA (July 29, 2022)). A period of sixty days has elapsed since EPA was notified of Plaintiffs' claim. *See* 42 U.S.C. § 7604(b)(2).

**VENUE**

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e). Defendant EPA resides in this judicial district. EPA Region 10, which has authority over Alaska, is headquartered in Seattle, Washington. This civil action is brought against officers of the United States acting in their official capacities, and a substantial part of the events or omissions giving rise to the claims in this case occurred in the Western District of Washington. Further, because EPA Region 10 is located within King County, assignment to the Seattle Division is proper under Civil Local Rule 3(d)(1).

**PARTIES**

15. Plaintiff CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, is a coalition of local community members and citizens' groups in Fairbanks, Alaska, who are committed to cleaning up the air while keeping everyone warm in the winter. The coalition is a project of Alaska Community Action on Toxics, a non-profit

COMPLAINT
(Case No. 2:22-cv-1382)     4

*Earthjustice*
*810 3rd Avenue, Suite 610*
*Seattle, WA  98104-1711*
*206.343.7340*

environmental health research and advocacy organization whose mission is to assure justice by advocating for environmental and community health.

16. Plaintiff SIERRA CLUB is the nation's oldest and largest grassroots environmental organization. The Sierra Club is a national nonprofit organization with 65 chapters and over 800,000 members dedicated to exploring, enjoying, and protecting the wild places of the Earth; to practicing and promoting the responsible use of the Earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives. The Alaska Chapter of the Sierra Club has over 1,600 members, including members in the Borough.

17. Plaintiffs' members live, raise their families, work, recreate, and conduct educational, advocacy, and other activities in the Borough. They are adversely affected by continuing exposure to levels of $PM_{2.5}$ pollution that exceed the national health-based standards for 24-hour concentrations of $PM_{2.5}$ established under the Clean Air Act. The adverse effects of such pollution include actual or threatened harm to their health; their families' health; their professional, educational, and economic interests; and their aesthetic and recreational enjoyment of the environment in the Borough.

18. EPA's failure to timely perform the mandatory duties described in this Complaint has injured and continues to injure the interests of Plaintiffs and their members. The relief requested in this lawsuit would redress these injuries by compelling EPA to take the action mandated by Congress in the Clean Air Act's requirements for addressing and improving air quality in areas violating national air quality standards, such as the Borough.

COMPLAINT
(Case No. 2:22-cv-1382)                 5

*Earthjustice*
*810 3rd Avenue, Suite 610*
*Seattle, WA  98104-1711*
*206.343.7340*

19. Defendant MICHAEL S. REGAN is sued in his official capacity as the Administrator of EPA. He is responsible for taking various actions to implement and enforce the Clean Air Act, including the mandatory duty at issue in this case.

20. Defendant CASEY SIXKILLER is sued in his official capacity as EPA Regional Administrator for Region 10. He is responsible for implementing and enforcing the Clean Air Act in EPA Region 10, which includes the Borough.

## STATUTORY FRAMEWORK

21. Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 5356, 5356. Consistent with these goals, the Act requires EPA to set NAAQS for certain pollutants, "the attainment and maintenance of which . . . are requisite to protect the public health" with "an adequate margin of safety," 42 U.S.C. §§ 7409(a)-(b), and to designate areas with air pollution levels that exceed the national standards as "nonattainment" areas, 42 U.S.C. § 7407(d)(1).

22. The Clean Air Act requires that a nonattainment area that has been designated as "serious" must attain the NAAQS "as expeditiously as practicable but no later than the end of the tenth calendar year after the area's designation as nonattainment." 42 U.S.C. § 7513(c)(2).

23. Once a nonattainment area is reclassified as "serious," a "state[] shall submit to the EPA a Serious area attainment plan . . . within 18 months from the effective date of reclassification, or [two] years before the attainment date, whichever is earlier." 40 C.F.R. § 51.1003(b)(2)(ii).

COMPLAINT
(Case No. 2:22-cv-1382)   6

*Earthjustice*
810 3rd Avenue, Suite 610
Seattle, WA  98104-1711
206.343.7340

24. If a state demonstrates to EPA that achieving attainment in a "serious" nonattainment area by the specified attainment date would be "impracticable," the EPA may extend that attainment date only once and by "no more than five years." 42 U.S.C. § 7513(e).

25. No later than six months after a nonattainment area's attainment date, EPA must "determine, based on the area's air quality as of the attainment date, whether the area attained the standard by that date" and then must "publish a notice in the Federal Register containing such determination." 42 U.S.C. § 7509(c)(1)-(2).

26. If, based on EPA's determination, a nonattainment area has failed to reach the applicable standard for $PM_{2.5}$ by the attainment date, the state containing that nonattainment area "shall submit a revision to the applicable implementation plan" within 12 months of the attainment date. 42 U.S.C. §§ 7509(d)(1), 7513a(d); *see also Nat. Res. Def. Council v. EPA*, 706 F.3d 428, 434-37 (D.C. Cir. 2013) (finding that because $PM_{2.5}$ pollution is a subset of $PM_{10}$ pollution, the Clean Air Act's regulatory requirements for $PM_{10}$ apply to $PM_{2.5}$). Such a plan revision must demonstrate, through a number of stringent requirements, "that each year the area will achieve at least a [five] percent reduction in emissions of direct $PM_{2.5}$ or a [five] percent reduction in emissions of a $PM_{2.5}$ plan precursor based on the most recent emissions inventory for the area." 40 C.F.R. § 51.1010(c).

27. The Clean Air Act requires EPA to determine whether any state implementation plan revision is administratively complete. 42 U.S.C. § 7410(k)(1)(B). If, "by the date [six] months after receipt of the submission," EPA has not determined that the plan revision fails to meet the minimum statutory criteria, the plan will be "deemed by operation of law to meet such minimum criteria." *Id.*

COMPLAINT
(Case No. 2:22-cv-1382)    7

Earthjustice
810 3rd Avenue, Suite 610
Seattle, WA 98104-1711
206.343.7340

28. Within 12 months of a determination deemed by operation of law that a plan revision meets the minimum statutory criteria, EPA must approve the entire plan revision "if it meets all of the applicable requirements" for state implementation plans. 42 U.S.C. § 7410(k)(2)-(3). If only a portion of the plan revision meets these applicable requirements, EPA "may approve the plan revision in part and disapprove the plan revision in part." *Id.* § 7410(k)(3). A partial approval, even if accompanied by a partial disapproval, cannot bring the plan revision into compliance with the Clean Air Act. Instead, "[t]he plan revision shall not be treated as meeting the requirements of this chapter until [EPA] approves the entire plan revision as complying with the applicable requirements of this chapter." *Id.*

29. If EPA fails to take a non-discretionary action, such as acting on a state implementation plan revision submittal, citizens are empowered to seek a court order to compel prompt action. 42 U.S.C. § 7604(a)(2).

## STATEMENT OF FACTS

30. $PM_{2.5}$ refers to fine particles less than or equal to 2.5 micrometers in diameter, including hazardous forms of dirt, soot, smoke, and liquid droplets found in the air. $PM_{2.5}$ is "produced chiefly by combustion processes and by atmospheric reactions of various gaseous pollutants," and "[s]ources of fine particles include . . . motor vehicles, power generation, combustion sources at industrial facilities, and residential fuel burning." 71 Fed. Reg. at 61,146.

31. The detrimental effects of $PM_{2.5}$ on human health are significant. Particle pollution is known to "trigger illness, hospitalization and premature death" and "[r]esearchers estimate that $PM_{2.5}$ is responsible for nearly 48,000 premature deaths in the United States every year." Exhibit 3 at 5, 7 (American Lung Association, *State of the Air 2022* (citing Health Effects Institute. State of Global Air. Boston, MA. 2020)). Even short-term increases in particle

COMPLAINT
(Case No. 2:22-cv-1382)                               8

*Earthjustice*
810 3rd Avenue, Suite 610
Seattle, WA 98104-1711
206.343.7340

pollution are deadly. Researchers have extensively linked short-term spikes to "increased mortality in infants," "increased hospital admissions for cardiovascular disease, including heart attacks and strokes," "increased hospital admissions and emergency department visits for chronic obstructive pulmonary disease (COPD)," and "increased severity of asthma attacks and hospitalization for asthma among children." *Id.* at 6 (citations omitted). Additional studies have found that $PM_{2.5}$ pollution disproportionately affects communities of color, including Alaska Native communities. *See, e.g.*, Exhibit 4 (C. W. Tessum *et al.*, *$PM_{2.5}$ Polluters Disproportionately and Systemically Affect People of Color in the United States*, 7 SCIENCE ADVANCES 18 (Apr. 28, 2021).)

32. EPA first adopted 24-hour NAAQS for $PM_{2.5}$ in 1997. 62 Fed. Reg. at 38,652. In 2006, EPA strengthened these standards, revising the maximum allowed 24-hour average concentration of $PM_{2.5}$ from 65 micrograms per cubic meter (μg/m$^3$) to 35 μg/m$^3$. 71 Fed. Reg. at 61,144, 61,145-46.

33. Fairbanks has some of the worst $PM_{2.5}$ pollution in the nation, with ambient air concentrations frequently in excess of the 24-hour NAAQS. Of all previously designated nonattainment areas for 24-hour $PM_{2.5}$, measured by 2019-2021 design values, Fairbanks is the second most polluted, with pollution levels more than twice federal limits. *See* Exhibit 1. In 2021, the American Lung Association found that Fairbanks had the highest levels of short-term particle pollution in any U.S. city, and in 2022, Fairbanks ranked third by that same metric. *See* Exhibit 5 at 3-4 (American Lung Association, *State of the Air 2021* (listing the most polluted cities by short-term particulate matter for 2021)); Exhibit 3 at 12-13 (listing the most polluted cities by short-term particulate matter for 2022).

COMPLAINT
(Case No. 2:22-cv-1382)      9

*Earthjustice*
*810 3rd Avenue, Suite 610*
*Seattle, WA  98104-1711*
*206.343.7340*

34. On November 13, 2009, EPA designated the Borough as a nonattainment area with respect to 24-hour PM$_{2.5}$ NAAQS. 74 Fed. Reg. at 58,696, 58,702.

35. At that time, the Borough was classified as a "moderate" nonattainment area with an attainment date of December 31, 2015. 79 Fed. Reg. 31,566, 31,568, 31570 (June 2, 2014); *see also* 42 U.S.C. § 7513(c)(1) ("For a Moderate Area, the attainment date shall be as expeditiously as practicable but no later than the end of the sixth calendar year after the area's designation as nonattainment.").

36. After the Borough failed to achieve attainment by December 31, 2015, and in response to a lawsuit filed by Plaintiffs in this Court, EPA determined that Fairbanks had not yet reached attainment and reclassified the Borough to a "serious" nonattainment area on May 10, 2017. 82 Fed. Reg. at 21,712; *Citizens for Clean Air v. Pruitt*, No. 2:16-cv-01594-RAJ (W.D. Wash. Sept. 7, 2017), ECF No. 14.

37. As a "serious" nonattainment area, the Borough's attainment date for the 24-hour PM$_{2.5}$ NAAQS was "no later than the end of the tenth calendar year beginning after the area's [initial] designation as nonattainment," 42 U.S.C. § 7513(c)(2), that is, no later than December 31, 2019. 82 Fed. Reg. at 21,712.

38. The state of Alaska was required to submit a proposed serious area PM$_{2.5}$ SIP addressing the more stringent requirements of that designation "within 18 months from the effective date of reclassification, or 2 years before the attainment date, whichever is earlier," 40 C.F.R. § 51.1003(b)(2)(ii). In this case the earlier date was two years before attainment, so the State's plan was due no later than December 31, 2017. 82 Fed. Reg. at 21,712.

39. The state of Alaska failed to submit a serious area PM$_{2.5}$ SIP for nearly two years after the initial deadline. Following a lawsuit initiated by Plaintiffs in this Court, Alaska

COMPLAINT
(Case No. 2:22-cv-1382)   10

*Earthjustice*
810 3rd Avenue, Suite 610
Seattle, WA  98104-1711
206.343.7340

submitted its serious area SIP on December 13, 2019.  85 Fed. Reg. at 7760; Comp., *Citizens for Clean Air v. Wheeler*, No. 2:18-cv-01803-TSZ (W.D. Wash. Dec. 14, 2018), ECF No. 1.

40. In its submittal Alaska requested that EPA grant the maximum allowable extension of the Borough's attainment date, from December 31, 2019, to December 31, 2024. *See* 42 U.S.C. § 7513(e) (allowing EPA to extend the attainment date for a serious area SIP "at most one" time and by "no more than five years").

41. However, Alaska stated in its submittal that its plan to meet the 2024 attainment date was "unrealistic and not practicable," and that it believed December 31, 2029, was in fact "the most expeditious attainment date practicable."  Alaska Dep't of Env't Conservation, Amend. to State Air Quality Control Plan Vol II: III.D.7.9 at III.D.7.9-5 (Nov. 19, 2019).

42. On September 2, 2020, EPA found that Alaska had failed to achieve attainment in Fairbanks by the 2019 deadline.  85 Fed. Reg. at 54,509-10.  It also denied the state's extension request based on its finding that Alaska had in fact requested a ten-year extension and had otherwise failed to include appropriate attainment measures in its plan.  *Id.*; 85 Fed. Reg. 29,879, 29,880-81 (May 19, 2020).)

43. EPA's finding triggered a statutory mandate for Alaska to submit a plan revision, subject to even more stringent requirements set out in 40 C.F.R. § 51.1010(c), by December 31, 2020.  42 U.S.C. §§ 7509(d), 7513a(d); 85 Fed. Reg. at 54,509.

44. Alaska submitted its plan revision on December 15, 2020.

45. Because EPA failed to determine whether Alaska's plan revision was administratively complete "by the date [six] months after receipt of the submission," the plan revision was "deemed by operation of law to meet [the] minimum criteria" for completeness on June 15, 2021.  42 U.S.C. § 7410(k)(1)(B).

COMPLAINT
(Case No. 2:22-cv-1382)                              11

*Earthjustice*
810 3rd Avenue, Suite 610
Seattle, WA  98104-1711
206.343.7340

46. On September 24, 2021, EPA approved portions of the plan revision. 86 Fed. Reg. at 52,997. This partial approval was not accompanied by a partial disapproval. *Id.*

47. By June 15, 2022, or "within 12 months" of the determination by operation of law that the plan was administratively complete, EPA was required to act on the entire plan revision by issuing a full approval, a full disapproval, or a partial approval and partial disapproval. 42 U.S.C. §§ 7410(k)(2)-(3).

48. EPA failed to approve or disapprove, or approve in part and disapprove in part, the entire plan revision by June 15, 2022, and it still has not made this determination as of the filing of this complaint.

## CLAIM FOR RELIEF
(Clean Air Act: Failure to issue approval or disapproval of plan revision as a whole)

49. The state of Alaska submitted a revision of the serious area $PM_{2.5}$ SIP for the Fairbanks North Star Borough on December 15, 2020.

50. On June 15, 2021, the state of Alaska's plan revision for the Borough was deemed by operation of law to meet the minimum criteria for administrative completeness.

51. Pursuant to 42 U.S.C. §§ 7410(k)(2)-(3), EPA had a mandatory duty to approve or disapprove, or approve in part and disapprove in part, the entire plan revision within twelve months of the determination by operation of law that the plan revision was administratively complete (by no later than June 15, 2022).

52. EPA has failed to perform this mandatory duty.

53. Accordingly, EPA has been in continuous violation of the Clean Air Act, 42 U.S.C. §§ 7410(k)(2)-(3), since June 15, 2022.

54. EPA's Clean Air Act violation constitutes a "failure of the Administrator to perform [an] act or duty under [chapter 85] which is not discretionary with the Administrator,"

COMPLAINT
(Case No. 2:22-cv-1382)   12

*Earthjustice*
810 3rd Avenue, Suite 610
Seattle, WA 98104-1711
206.343.7340

within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). The violation is ongoing.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that the Court:

55. Declare that the Administrator is in violation of the Clean Air Act with regard to his mandatory, nondiscretionary duty under 42 U.S.C. §§ 7410(k)(2)-(3) to approve or disapprove or approve in part and disapprove in part the state of Alaska's entire plan revision for the serious area nonattainment SIP addressing 24-hour concentrations of $PM_{2.5}$ in the Fairbanks North Star Borough;

56. Issue an injunction requiring the Administrator to make and publish in the Federal Register a determination of approval, disapproval, or partial approval and partial disapproval, as required by law;

57. Retain jurisdiction of this matter until such time as EPA has complied with its non-discretionary duties under the Clean Air Act;

58. Award to Plaintiffs their reasonable costs of litigation, including attorney's fees and expert witness fees; and

59. Grant such further relief as the Court deems just and proper.

Respectfully submitted this 28th day of September, 2022.

*s/ Marisa C. Ordonia*
Marisa C. Ordonia (WSB #48081)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, WA  98104-1711
T: 206.343.7340
F: 206.343.1526
E: mordonia@earthjustice.org

COMPLAINT
(Case No. 2:22-cv-1382)                13

*Earthjustice*
810 3rd Avenue, Suite 610
Seattle, WA  98104-1711
206.343.7340

Hannah M. Payne (AK Bar #2105045) (*pro hac vice* pending)
Jeremy C. Lieb (AK Bar #1810088) (*pro hac vice* pending)
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK  99501
T: 907.277.2500
F: 907.277.1390
E: hpayne@earthjustice.org
   jlieb@earthjustice.org

*Attorneys for Citizens for Clean Air, a project of Alaska Community Action on Toxics, and Sierra Club*

COMPLAINT
(Case No. 2:22-cv-1382)                         14

*Earthjustice*
*810 3rd Avenue, Suite 610*
*Seattle, WA  98104-1711*
*206.343.7340*