1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITIZENS FOR CLEAN AIR, *et al.*,

      Plaintiffs,

  v.

MICHAEL S. REGAN, *et al.*,

      Defendants.

Cause No. C22-1382RSL

ORDER GRANTING
ALASKA'S MOTION TO
INTERVENE

This matter comes before the Court on the "State of Alaska's Motion to Intervene." Dkt. # 11. Alaska argues that it has a right to intervene under Fed. R. Civ. P. 24(a)(2) or, in the alternative, that it should be granted permissive intervention under Fed. R. Civ. P. 24(b)(1). Plaintiffs do not object to intervention, but the United States insists that Alaska lacks a legally protected interest that justifies intervention as a matter of right. The United States takes no position on Alaska's request for permissive intervention. Having reviewed the memoranda and exhibits submitted by the parties,[1] the Court finds as follows:

Federal Rule of Civil Procedure 24(a)(2) requires a court to grant a timely motion to intervene if the movant "claims an interest relating to the property or transaction that is the

---

[1] This matter can be decided on the papers submitted. Alaska's request for oral argument is DENIED.

ORDER GRANTING ALASKA'S
MOTION TO INTERVENE - 1

subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The parties agree that Alaska's motion is timely.

When analyzing whether the movant has "an interest relating to the property or transaction that is the subject" of the litigation, the Ninth Circuit requires that the applicant claim a "significantly protectable" interest. *See, e.g.*, *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020). A proposed intervenor has a significantly protectable interest "if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *Kalbers v. United States Dep't of Justice*, 22 F.4th 816, 827 (9th Cir. 2021) (citation omitted). "The interest test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. . . . Instead, the 'interest' test directs courts to make a practical, threshold inquiry and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *U.S. v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (internal quotation marks, citations, and alterations omitted). Where the proposed intervenor is the intended beneficiary of an Act of Congress, it may have a "significant protectable interest" even if Congress did not see fit to create a private cause of action or other enforceable right in its favor. *See California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 441 (9th Cir. 2006); *County of Fresno v. Andrus*, 662 F.2d 436, 437-38 (9th Cir. 1980). The relationship element of Rule 24(a)(2) "is met if the resolution of the plaintiff's

ORDER GRANTING ALASKA'S
MOTION TO INTERVENE - 2

claims actually will affect the applicant." *Id.* While an applicant seeking to intervene has the burden of establishing the Rule 24(a)(2) elements, "the requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citation omitted).

Plaintiffs bring this action under the Clean Air Act ("CAA") to compel the U.S. Environmental Protection Agency ("EPA") to approve or disapprove the state implementation plan ("SIP") developed by the State of Alaska for the Fairbanks North Star Borough fine particulate matter (PM-2.5) nonattainment area. Plaintiffs allege that the EPA had a statutory, nondiscretionary duty to render its decision by June 15, 2022, and that it failed to do so. For its part, the EPA is willing to admit that it failed to approve or disapprove (or to approve in part and disapprove in part) the SIP by June 15, 2022, and that it still has not done so. Dkt. # 9 at ¶ 48. It is not, however, willing to admit that it has failed to perform a mandatory duty. *Id.* at ¶ 52.

Alaska is not, as the EPA would have it, simply arguing that the downstream effects of a ruling compelling the EPA to issue its decision would adversely impact Alaska's operations and/or limit its ability to regulate air quality within the state. Rather, although not clearly stated, it appears that Alaska seeks an opportunity to argue that, in the circumstances presented here where technical complications arising from the application of an outdated modeling program to a subarctic environment has made it impossible to demonstrate attainment, the EPA was not required to issue a decision by June 15, 2022, or that such a requirement should be excused. If Alaska is right and the CAA did not mandate a decision by June 15, 2022 – an issue the Court

ORDER GRANTING ALASKA'S
MOTION TO INTERVENE - 3

declines to decide in the context of this motion to intervene – Alaska would have a statutory interest in obtaining a correct ruling on the issue to preserve the current status of the planning effort wherein the EPA is considering Alaska's arguments and the adequacy of the SIP. Alaska would have no other opportunity to impact the schedule on which the EPA issues its decision, and there is no indication that the EPA intends to make the arguments Alaska has raised here.

The Court finds that Alaska has satisfied the elements of Rule 24(a)(2). It has a significantly protectable interest in obtaining a correct determination regarding the deadline by which the EPA must approve or disapprove its SIP, its exclusion from this litigation would impair or impede its ability to protect that interest, and it does not appear that the EPA is inclined to pursue the arguments Alaska has raised. Because intervention as a matter of right is appropriate, the Court need not evaluate the request for permissive intervention.

For all of the foregoing reasons, Alaska's motion to intervene as a defendant in this matter (Dkt. # 11) is GRANTED.

Dated this 9th day of January, 2023.

Robert S. Lasnik
United States District Judge

ORDER GRANTING ALASKA'S
MOTION TO INTERVENE - 4