**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| CITIZENS FOR CLEAN AIR, a project of ALASKA COMMUNITY ACTION ON TOXICS, and SIERRA CLUB, <br><br>  Plaintiffs, <br><br> v. <br><br> MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency, and CASEY SIXKILLER, in his official capacity as Regional Administrator of the United States Environmental Protection Agency Region 10, <br><br>  Defendants, <br><br> and <br><br> STATE OF ALASKA, <br><br>  Defendant-Intervenor. | Case No. 2:22-cv-01382-RSL <br><br> **CONSENT DECREE** |

## **CONSENT DECREE**

WHEREAS, on September 28, 2022, Citizens for Clean Air and Sierra Club ("Plaintiffs") filed the above-captioned matter against Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency, and Casey Sixkiller, in his official capacity as Regional Administrator of the United States Environmental Protection Agency, Region 10 (collectively, "EPA" or "Defendants");

WHEREAS, Plaintiffs allege that EPA has failed to undertake a certain non-discretionary

duty under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401–7671q, and that such alleged failure is actionable under section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2);

WHEREAS, section 110(a)(1) of the CAA, 42 U.S.C. § 7410(a)(1), requires States to adopt and submit to EPA for review State implementation plans ("SIPs"), which establish specific control measures and other requirements that apply to particular sources of air pollution within a State and are designed to attain, maintain, and enforce National Ambient Air Quality Standards ("NAAQS") established by EPA that specify the maximum permissible concentrations for those pollutants in the ambient air, *see* 42 U.S.C. §§ 7408, 7409;

WHEREAS, on December 15, 2020, the State of Alaska submitted to EPA a revision to its SIP for the Fairbanks North Star Borough fine particulate matter nonattainment area (the "Fairbanks Plan");

WHEREAS, the Fairbanks Plan became complete by operation of law on June 15, 2021, pursuant to CAA section 110(k)(1)(B); 42 U.S.C. §§ 7410(k)(1)(B);

WHEREAS, CAA section 110(k)(2) requires EPA to take final action to approve, disapprove, conditionally approve, in whole or in part, a SIP submission within one year of the date that it is complete, 42 U.S.C. §§ 7410(k)(2);

WHEREAS, on January 10, 2023, EPA published in the Federal Register a notice of proposed rulemaking proposing to take final action on the Fairbanks Plan;

WHEREAS, on February 17, 2023, EPA published in the Federal Register a notice announcing a public hearing on EPA's proposed action on the Fairbanks Plan to be held on March 7, 2023;

WHEREAS, Plaintiffs allege that EPA has failed to perform a duty mandated by CAA section 110(k)(2)–(4), 42 U.S.C. § 7410(k)(2)–(4), to take final action to approve, disapprove or conditionally approve, in whole or in part, the entire Fairbanks Plan by June 15, 2022;

WHEREAS, the relief requested in the Complaint is for the Court to issue an injunction requiring the EPA to make and publish in the Federal Register a final determination of approval,

disapproval, or partial approval and partial disapproval of the Fairbanks Plan;

WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(e);

WHEREAS, the Court, having reviewed the submission of the State of Alaska in opposition to the Consent Decree[1] nevertheless finds that it is fair, reasonable, in the public interest, and consistent with the Clean Air Act;

**NOW THEREFORE**, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and EPA, it is hereby ordered, adjudged, and decreed that:

1.  No later than November 22, 2023,[2] EPA shall sign a notice or notices of final

---

[1] This matter can be decided on the papers submitted. The State of Alaska's request for oral argument is DENIED.

[2] The State of Alaska opposes the November 22, 2023, notice date, arguing that a decision regarding approval or disapproval of its SIP before July 24, 2024, will actually slow attainment of the NAAQS in the Fairbanks area because Alaska will be unable to both respond to any EPA criticisms of its existing SIP and run its recently-developed air quality model to produce a new, more accurate SIP amendment. Dkt. # 30. The Consent Decree was negotiated in good faith and at arms-length, it is procedurally fair, and it represents a reasonable resolution of the factual and legal issues presented in this case. Alaska challenges only the last finding, arguing that EPA had no duty to take action to approve or disapprove its SIP by June 15, 2022, because the statutory deadline should be relaxed where technical infeasibility precludes agency action. Even if there might be circumstances in which the Court could waive or toll a statutory deadline, EPA's understanding of its obligations and the parties' negotiated resolution of the

rulemaking to approve, disapprove, or conditionally approve, in whole or in part, the Fairbanks Plan pursuant to section 110(k)(2)–(4) of the CAA, 42 U.S.C. § 7410(k)(2)–(4).

2. If Alaska withdraws the Fairbanks Plan or any portion thereof, then EPA's obligation to take the actions required by Paragraph 1 with respect to such withdrawn portions is automatically terminated.

3. EPA shall, within 15 business days after signature of the final rulemaking described in Paragraph 1, deliver the notice of action taken pursuant to Paragraph 1 to the Office of the Federal Register for review and publication.

4. After EPA has completed the action set forth in Paragraph 1 of this Consent Decree and after notice of that action has been published in the Federal Register and the issue of costs of litigation, including reasonable attorneys' fees, has been resolved, EPA may move to have this Decree terminated and the action dismissed. Plaintiffs shall have fourteen (14) days in which to respond to such a motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

5. The deadlines established by this Consent Decree may be extended: (a) by written stipulation of Plaintiffs and EPA with notice to the Court; or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon

---

deadline issue are reasonable in the circumstances presented here. As a general matter, courts in the Ninth Circuit enforce congressionally mandated deadlines as written, without resort to a consideration of equitable factors. *See Biodiversity Legal Found. V. Badgley*, 309 F.3d 1166, 1177 n.11 (9th Cir. 2002); *Oregon Nat. Desert Ass'n v. Bushue*, 644 F. Supp. 3d 813, 839 (D. Or. 2022), appeal dismissed sub nom. *Oregon Nat. Desert Ass'n v. Bureau of Land Mgmt.*, No. 23-35101, 2023 WL 5012123 (9th Cir. June 5, 2023); *Ctr. for Food Safety v. Hamburg*, 954 F. Supp. 2d 965, 970–71 (N.D. Cal. 2013). Even if the Ninth Circuit were to adopt the more flexible approach set forth in *Natural Resources Defense Council v. Train*, 510 F.2d 692, 713 (D.C. Cir. 1974), the EPA is not claiming that a shortage of resources or technological limitations precludes it from approving or disapproving the SIP Alaska submitted almost three years ago. The agency is, in fact, ready to act on November 22, 2023, in accordance with its duty and obligation under the Clean Air Act, regardless whether the Court signs the proposed Consent Decree. Dkt. # 34 at 7. To the extent Alaska is arguing that it could not comply with its responsibilities under the Act until it developed an air quality model for its subarctic conditions, it offers no explanation for why it waited over a decade to create the new model, during which time the air quality in the Fairbanks area remains polluted. Under *Train*, a court's equitable power to refuse to enforce a statutory deadline is appropriately used only if the agency has acted with the utmost diligence and doing so will further the public interest in effectuating the purposes of the legislation. 510 F.2d at 713. Neither showing has been made here.

consideration of any response by Plaintiffs and any reply by EPA.

6. If a lapse in appropriations occurs within one hundred and twenty (120) days prior to the deadline set forth in Paragraph 1 of this Consent Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking additional time pursuant to Paragraph 5.

7. Plaintiffs and EPA agree that this Consent Decree shall constitute a complete and final settlement of all claims that Plaintiffs have asserted against the United States, including EPA, under any provision of law, in connection with *Citizens for Clean Air v Regan*, Case No. 2:22-cv-01382 (W.D. Wash.). Plaintiffs therefore discharge and covenant not to sue the United States, including EPA, for any such claims.

8. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute. The parties may extend this ten (10) business day period by mutual consent.

9. No motion seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 8 has been followed, and the non-moving party has been provided with written notice at least ten (10) business days before the filing of such motion.

10. The deadline for filing a motion for costs of litigation (including reasonable attorneys' fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including reasonable attorneys' fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including reasonable

attorneys' fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

11. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including reasonable attorneys' fees.

12. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, or approving in part and disapproving in part a SIP submittal or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

15. Plaintiffs reserve the right to seek additional costs of litigation, including reasonable attorneys' fees, incurred subsequent to entry of this Consent Decree and arising from Plaintiffs' need to enforce or defend against efforts to modify its terms or the underlying schedule outlined herein, or for any other unforeseen continuation of this action. EPA reserves the right to oppose any such request for additional costs of litigation, including reasonable

attorneys' fees.

16. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

18. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiffs Citizens for Clean Air and Sierra Club:

Hannah M. Payne
Earthjustice
441 W 5th Avenue
Suite 301
Anchorage, AK 99501
Tel: (907) 277-2500
Email: hpayne@earthjustice.org

Jeremy Lieb

7 - CONSENT DECREE

|   |   |
|---|---|
|   | Earthjustice<br>441 W 5th Avenue<br>Suite 301<br>Anchorage, AK 99501<br>Tel: (907) 277-2500<br>Email: jlieb@earthjustice.org |
|   | Marisa C. Ordonia (WSB #48081)<br>EARTHJUSTICE<br>810 3rd Avenue, Suite 610<br>Seattle, WA 98104-1711<br>T: 206.343.7340<br>F: 206.343.1526<br>E: mordonia@earthjustice.org |
| <u>For Defendant EPA</u>: | Daniel Martin<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>150 M St. NE<br>Washington D.C. 20002<br>Tel. (202) 307-1056<br>Email: Daniel.Martin3@usdoj.gov |

19. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

20. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

21. The undersigned representatives of Plaintiffs Citizens for Clean Air, a project of Alaska Community Action on Toxics, and Sierra Club and Defendant EPA certify that they are fully authorized by the party or the parties they represent to consent to the Court's entry of the

terms and conditions of this Decree.

SO ORDERED on this 16th day of November, 2023.

ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

COUNSEL FOR PLAINTIFFS:

/s/ Hannah Payne
Hannah Payne (AK Bar #2105045)
(admitted *pro hac vice*)
Jeremy Lieb (AK Bar #1810088)
(admitted *pro hac vice)*
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
Tel: (907) 277-2500
E: hpayne@earthjustice.org
   jlieb@earthjustice.org

Marisa C. Ordonia (WSB #48081)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, WA 98104-1711
T: 206.343.7340
F: 206.343.1526
E: mordonia@earthjustice.org

*Attorneys for Citizens for Clean Air, a project of Alaska Community Action on Toxics, and Sierra Club*

9 - CONSENT DECREE

| | |
|---|---|
| COUNSEL FOR DEFENDANT: | TODD KIM<br>Assistant Attorney General<br>Environment and Natural Resources Division |
| | */s/ Daniel J. Martin*<br>DANIEL J. MARTIN<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington D.C. 20004<br>Tel. (202) 307-1056 |
| | *Attorneys for Defendant EPA* |

Of counsel:

Brett Dugan
Assistant Regional Counsel, Region 10
U.S. Environmental Protection Agency

Geoffrey L. Wilcox
Office of General Counsel
U.S. Environmental Protection Agency